UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NUMBER |
| **ARTHUR J. COBB  and** | **93-11077** |
| **PAULA K. COBB** | |
| DEBTORS | CHAPTER 7 |
| **UNITED STATES OF AMERICA** | ADV. NUMBER |
| PLAINTIFF | **95-1022** |
| V. | |
| **ARTHUR J. COBB, PAULA K. COBB,** | |
| **CITICORP MORTGAGE, INC.,** | |
| **UNION PLANTERS BANK OF LOUISIANA** | |
| **f/k/a SUNBURST BANK and SAMERA ABIDE** | |
| DEFENDANTS | |

CONSOLIDATED WITH

| | |
|---|---|
| **SAMERA L. ABIDE, TRUSTEE** | ADV. NUMBER |
| PLAINTIFF | **94-1103** |
| V. | |
| **ARTHUR J. COBB and** | |
| **PAULA K. COBB** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

Plaintiff, the United States of America ("United States"), has moved for revised and further rulings in connection with the May 1, 2002 Reasons for Judgment and Judgment issued by Judge Louis

Phillips. In its Motion to Obtain Ruling and Additional and Revised Findings of Facts Regarding Claims against Citicorp Mortgage, Inc. and to Determine Whether Citicorp Mortgage, Inc. is Proper Party, the United States asks the Court to amend the prior judgment to: (1) grant the United States judgment, including pre-judgment interest, against Citicorp Mortgage, Inc. ("Citicorp") for the annuity payments Citicorp received; (2) adjudge whether Citicorp is the proper entity to be cast in judgment; and (3) rank the federal tax liens for the debtors' unpaid taxes for 1980 through 1985 and 1987 through 1991 *vis a vis* the claims of Union Planters Bank of Louisiana ("UPB") and Citicorp.

## Background

The Court concluded in its May 1, 2002 opinion that payments made by debtors Arthur and Paula Cobb to creditors UPB and Citicorp were impressed with liens for federal taxes owed by the debtors. Consequently, it held that UPB owed the United States an amount equal to the sums UPB received directly from the debtors or from annuities of which the debtors were beneficiaries.[1] The amount awarded to the United States included a sum equal to the annuity payments UPB received, and later forwarded to Citicorp. Citicorp was held liable to the United States for amounts it received directly from the debtors. The opinion also concluded that the United States was not entitled to pre-judgment interest on the awards against UPB and Citicorp.

As a threshold matter, the Court agrees with the parties' assertion that, due to *inter alia* the unresolved UPB cross-claim, the May 1, 2002 ruling is not a final judgment and the Court may revise it appropriately. See Federal Rule of Civil Procedure 54(b) ( made applicable by Federal Rule of

---

[1] The annuities were created as part of a structured settlement in a personal injury case to compensate the debtors, who were the plaintiff's lawyers.

Bankruptcy Procedure 7054), which provides that any decision adjudicating fewer than all claims in an action does not terminate the action, and may be revised at any time before entry of a judgment that does adjudicate all claims.[2]

## Judgment Against Citicorp

The May 1, 2002 ruling held Citicorp liable to the United States only for the lump-sum payments the debtors made to it on their obligation to Citicorp. The Court also held that UPB was liable to the United States for the amounts it received from the annuities and then forwarded to Citicorp. The United States now asks the Court to revise its decision, and to hold Citicorp individually liable to the government for the annuity payments it received through UPB.

With regard to the annuity payments, the United States requested in paragraph 1(B)(V) of its complaint "a judgment . . . in favor of the United States against Sunburst Bank [now UPB] and Citicorp Mortgage, Inc. that the payments received by the two banks were subject to the tax liens . . . and must be returned to the United States or . . . that the United States receive a money judgment for the failure to make such payments . . . ." It made the same request for relief as to the lump-sum payments in paragraph 1(C)(II), and again in paragraphs 20(e) and 25(b) of the complaint. However, nowhere in the complaint did the United States request that UPB and Citicorp be cast in judgment *in solido,* or held jointly and severally liable. The Court's May 1, 2002 judgment awarded the United States damages in the amount it now requests from UPB. Thus, the government has already has received

---

[2] Moreover, Federal Rule of Bankruptcy Procedure 1001 commands bankruptcy courts to construe the rules as necessary to promote the just and speedy resolution of this proceeding and the Court has familiarized itself with the record as required by Rule 63 of the Federal Rules of Civil Procedure (adopted by Bankruptcy Rule 9028).

what it asked for, and the Court need not cast Citicorp in judgment for the same liability.[3]  Accordingly, this request will be denied.[4]

## Citicorp Mortgage, Inc. as Proper Party

The United States asks that the judgment against Citicorp be amended to substitute Citimortgage, Inc. as the judgment debtor.  Citicorp changed its name to Citimortgage, Inc. after the 1995 trial of this matter.  The government seeks this relief apparently to avoid engaging in post-judgment discovery to identify the proper entity to respond to the judgment.

The revision sought by the government is unnecessary for two reasons.  First, the United States admits that it can investigate and identify the proper entity against which to enforce its judgment when it seeks to enforce the judgment.  Second, the Citicorp entity has changed names twice since 1995, and there can be no assurance that it will not change its name again before the United States executes on the judgment.  This is not a matter requiring a change in the judgment.

## Ranking of the Tax Liens

Finally, the United States argues that the Court did not determine the extent, validity and priority of its tax liens, although the Complaint sought that relief.  The United States specifically seeks a

---

[3]  In a separate decision issued today, this Court has held Citicorp liable to UPB for the annuity payments it received from UPB that UPB must now pay over to the United States.

[4]  In connection with the request to make a finding of liability against Citicorp, the United States has asked the Court to revisit Judge Phillips's denial of pre-judgment interest on the previous awards against UPB and Citicorp.  Because the Court has declined to revise the judgment to make a separate ruling against Citicorp, this request is probably moot.  In any case, although this Court has the discretion to review a decision of a predecessor, it declines to do so.  *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762-63 (5th Cir. 1983) (a judge "'should hesitate to undo the work of another judge'"), quoting *Peterson v. Hopson*, 306 Mass. 597, 29 N.E.2d 140, 144 (Mass. 1940).

4

ranking of its liens for the tax years 1980 through 1985, and 1987 through 1991 *vis a vis* the claims of UPB and Citicorp.  The United States requests this determination with respect to both the lump sum payments and annuity payments made to UPB and Citicorp.  In fact, the district court already made most of those determinations in a collateral proceeding entitled "*Manufacturers Life Insurance Co. v. Arthur J. Cobb, et al.*," U.S.D.C., E.D.La. No. 93-3325 (" interpleader action").

In the interpleader action, the district court specifically addressed the ranking of the tax liens for most of the years at issue in this motion.  With regard to the liens on the annuity payments made between March 14, 1996 and March 22, 2000 and all future payments, the district court ruled that the liens for the tax years 1987, 1988, 1989, 1990 and 1991 outranked the claims of UPB. It also held that UPB's security interest arising from a UCC Financing Statement filed on February 3, 1993 outranked the tax liens for the years 1980, 1981, 1982, 1984 and 1985.  *Manufacturers Life v. Cobb*, May 30, 2000 Judgment, p. 3.  The district court also found that, because Citicorp had not appeared in the case or asserted its claim to the annuity payments, it had no claim to payments made during the referenced period or to future payments.  *Id*. at p. 7.

The district court's ruling is entitled to preclusive effect.  The prior action involved the same parties, the issues in both cases are identical, and the issue was litigated and decided by the district court, and the district court's determination was integral to its ruling.  *See Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 868 (5th Cir. 2000).

Regarding the tax liens on the lump-sum payments made by the debtors to UPB and Citicorp, the May 1, 2002 Reasons for Judgment provides the law of the case in pages 6 through 11.  Judge Phillips concluded that the tax liens for the tax years 1987, 1988, 1989, 1990 and 1991 were

5

impressed on the debtors' payments to UPB in January 1993 and April 1993 and to Citicorp in November 1992, January 1993 and March 1993 in priority to the claims of UPB and Citicorp. The Court also held that these tax liens primed the rights of UPB and Citicorp to the annuity payments made until the annuities became the subject of the interpleader action (March 14, 1996 through March 22, 2000). Although Judge Phillips's ruling did not address the tax liens for the years 1980 through 1985 with regard to the lump-sump payments, those payments only totaled approximately $184,000, an amount far less than the tax liabilities for years 1987 through 1991.

The only tax year that does not seem to be addressed by either the district court decision or this Court's May 1, 2002 ruling is 1983. The liability for that year is contained on only one notice of tax lien, which was filed March 27, 1991. That notice apparently was not offered in evidence in the district court proceeding, although it was offered into evidence at the August 1995 trial in this Court. The notice reflects that the 1983 liability is that of the debtors, and arises from a 1040 tax return. However, the declaration of Robert Duncan, an Internal Revenue Service revenue officer, filed in the district court case indicates that the debtors did not have a 1983 tax liability, although Arthur Cobb, Ltd. did have a tax liability for that year. Indeed, in ranking the tax claims in its May 30, 2000 judgment, the district court did not include the tax year 1983 as a liability for the debtors, but did list it as a partnership liability. *Manufacturers Life v. Cobb*, Judgment, May 30, 2000, p. 3-4. Therefore, the issue of whether the debtors have 1983 tax liability is unresolved. Moreover, the United States admits in its Response to the oppositions of UPB and Citicorp to its motion that the March 27, 1991 notice was improperly filed in the records of East Baton Rouge Parish instead of the United States District Court for the Middle District of Louisiana. For all of these reasons, the Court excludes the 1983 tax year

from its determination.

### Conclusion

The Court will enter a Judgment denying the portions of the United States' Motion to Obtain Ruling dealing with the judgment against Citicorp, the request to alter the prior finding on pre-judgment interest and the request to revise the judgment to name Citimortgage. The Court will enter a judgment granting the part of the motion requesting a determination of the extent, validity and priority of the tax liens and finding as follows: (1) that the liens for the years 1987 through 1991 prime the claims of UPB and Citicorp as to all of the lump-sum payments and annuity payments, including future annuity payments and (2) that, as to the annuity payments, the liens for the years 1980, 1981, 1982, 1984 and 1985 rank behind the security interest of UPB perfected on February 3, 1993, but rank ahead of the claims of Citicorp.

Baton Rouge, Louisiana, March 28, 2003.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE