UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NUMBER |
| **ARTHUR J. COBB** and<br>**PAULA K. COBB** | **93-11077** |
| DEBTORS | CHAPTER 7 |
| **UNITED STATES OF AMERICA** | ADV. NUMBER |
| PLAINTIFF | **95-1022** |
| V. | |
| **ARTHUR J. COBB, PAULA K. COBB,**<br>**CITICORP MORTGAGE, INC.,**<br>**UNION PLANTERS BANK OF LOUISIANA**<br>**f/k/a SUNBURST BANK and SAMERA ABIDE** | |
| DEFENDANTS | |

CONSOLIDATED WITH

| | |
|---|---|
| **SAMERA L. ABIDE, TRUSTEE** | ADV. NUMBER |
| PLAINTIFF | **94-1103** |
| V. | |
| **ARTHUR J. COBB and**<br>**PAULA K. COBB** | |
| DEFENDANTS | |

## **MEMORANDUM OPINION**

Union Planters Bank ("UPB") has moved for two separate forms of relief from the Reasons for

Judgment and Judgment issued by Judge Louis Phillips on May 1, 2002. In its Motion to Alter or

Amend Judgment to Correct Mistake, UPB asks the Court to amend the Judgment to correct an alleged mistake in the dollar amount of the total judgment against it and in favor of the United States of America ("United States").  UPB's Motion to Alter or Amend Judgment to Rule on Cross-Claim complains that the May 1, 2002 decision did not dispose of its cross-claim against Citicorp Mortgage, Inc. ("Citicorp") and asks this Court to do so now.

## Background

The May 1, 2002 opinion concluded that payments made by debtors Arthur and Paula Cobb to creditors UPB and Citicorp were impressed with liens for federal taxes owed by the debtors. Consequently, the May 1, 2002 decision held that UPB owed the United States an amount equal to the sums it received directly from the debtors or from annuities[1] of which the debtors were the beneficiaries.  The amount awarded to the United States included a sum equal to the annuity payments UPB received, and later forwarded to Citicorp.  Citicorp was held liable to the United States for amounts it received directly from the debtors.  However, the judgment did not address UPB's cross-claim for recovery of amounts it paid to Citicorp from the annuities in the event it was held liable to the United States for the full amount, as it was under the judgment.

## Motion to Correct Mistake

Federal Rule of Bankruptcy Procedure 9023, which makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in adversary proceedings, provides for motions to alter or amend judgments. However, this motion generally is applicable to final judgments only.  On the other hand, Rule 54(b) of the Federal Rules of Civil Procedure (made applicable by Federal Rule of Bankruptcy Procedure

---

[1] The annuities were created as part of a structured settlement in a personal injury case to compensate the debtors for their work as the plaintiff's lawyers.

7054) provides that any decision adjudicating fewer than all of the claims in an action does not terminate the action and is subject to revision at any time before a judgment is entered that does adjudicate all claims. The Court agrees with the parties' assertion that, due to the unresolved cross-claim, the May 1, 2002 ruling is not a final judgment and the Court can revise it appropriately.[2]

At the hearing on the UPB motions, counsel for the parties agreed that the Judgment contained a mathematical error. A subsequent written position filed by the United States confirms this error. The Judgment grants an award in favor of the United States and against UPB in the sum of "$124, 524.42 (representing the total amount received by Union Planters Bank, National Association from the annuities) . . . ." As agreed, the correct amount of this part of the judgment against UPB should be $106, 270.35, and the Court will issue an amended judgment making the correction.

### Motion to Rule on Cross-Claim

UPB's other motion seeks a ruling on the cross-claim. The May 1, 2002 ruling did not address this claim, although no party has pointed to evidence that it was not tried along with all other claims. The Court has familiarized itself with the record as required by Rule 63 of the Federal Rules of Civil Procedure (adopted by Bankruptcy Rule 9028), and will consider the cross-claim and revise the judgment.[3]

UPB's cross-claim is brought pursuant to Louisiana Civil Code article 2298. That article provides that "a person who has been enriched without cause at the expense of another person is

---

[2] Federal Rule of Bankruptcy Procedure 1001 commands the Court to construe all of the rules as necessary to promote the just and speedy resolution of this proceeding.

[3] The Court was interested to find, upon reviewing the record, that Citicorp apparently never answered the cross-claim.

bound to compensate that person." Recovery for "enrichment without cause," or unjust enrichment, requires a showing of: "(1) an enrichment to the defendant; (2) an impoverishment sustained by the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) the absence of justification or legal cause for the enrichment and the impoverishment; and (5) the lack of any other remedy at law." *Minyard v. Curtis Products, Inc.,* 251 La. 624, 205 So.2d 422 (1967); *City Financial Corp. v. Bonnie*, 762 So.2d 167, 169 (La. App. 1st Cir. 2000), citing *Edwards v. Conforto*, 636 So.2d 901 (La. 1993).

Prior to filing bankruptcy, the debtors began having trouble paying their mortgage obligations to UPB and Citicorp. After the debtors made a number of lump sum payments to UPB on the mortgage debt, the bank began receiving payments directly from the debtors' annuities pursuant to an assignment confected in January 1993. Although Citicorp was not a party to this assignment, UPB remitted a portion of the annuity payments to Citicorp to satisfy a portion of the mortgage debt owed to it. The parties stipulated at the hearing on UPB's motions that UPB paid Citicorp $73,518.16 from the annuity proceeds. This amount UPB paid to Citicorp was included in the amount the May 1, 2002 judgment ordered UPB to pay to the United States. UPB asserts that it is entitled to recover this sum from Citicorp as an enrichment without cause.

The Court agrees that UPB is entitled to recovery under Louisiana Civil Code article 2298. Citicorp was enriched to the extent of the annuity payments UPB made to it, which Citicorp still retains. UPB was impoverished as a result of the judgment against it in favor of the United States for an amount that included the sum it paid to Citicorp. There is clear connection between the two.

Moreover, there was no justification or cause for the enrichment and the impoverishment. Citicorp argues that the cause for the enrichment and the impoverishment was the debtors' mortgage

obligation to it. Although that obligation would be cause for Citicorp to retain funds from the *debtors*, the mortgage was not an obligation between Citicorp and UPB, and for that reason, does not constitute cause or justification between them. Citicorp also argues that UPB's right to direct annuity payments under the assignment was justification for the enrichment. In other words, it argues that because UPB obtained the benefit of the proceeds from the annuities, its loss under the judgment of the funds remitted to Citicorp is justified. The Court disagrees. Citicorp was not a party to the assignment and cannot rely on that contract as justification for its enrichment at UPB's expense. Finally, UPB has no other remedy at law. Its recourse against the debtors has been eliminated by the debtors' bankruptcy, and it has no remedy against Citicorp.

For these reasons, the Court concludes that Citicorp was unjustly enriched by the judgment against UPB for the $73,518.16 it remitted to Citicorp from the annuity payments, and will enter judgment in UPB's favor on the cross-claim.[4]

---

[4] In a footnote, the May 1, 2002 Reasons for Judgment states that "Union Planters apparently acted as a receiving agent for Citicorp with regard to the annuity payments, and upon receipt of such would remit a portion of the annuity payment to Citicorp to satisfy a portion of its first priority mortgage." Reasons for Judgment, p. 3, fn. 3. UPB urges this as another ground for its recovery from Citicorp. This statement in the Reasons for Judgment was not essential to the Court's 2002 judgment, and Citicorp in fact has pointed to evidence in the record that could support another legal conclusion. As a result of the Court's decision on the basis of unjust enrichment, no further discussion of UPB's theories involving agency, management of affairs of another and stipulation for a third party is necessary.

**Conclusion**

The Court will enter an Amended Judgment correcting the total amount of the Judgment against UPB and in favor of the United States and entering judgment in favor of UPB and against Citicorp on the cross-claim.

Baton Rouge, Louisiana, March 28, 2003.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE